Anthony Glynn Allen Sr. a/k/a Anthony Glynn Allen v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-201-CR

ANTHONY GLYNN ALLEN SR. A/K/A APPELLANT

ANTHONY GLYNN ALLEN

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Anthony Glynn Allen Sr. entered an open plea of guilty to two counts of aggravated robbery with a deadly weapon.  
The trial court conducted a punishment hearing and, following the hearing,
 sentenced Allen to 30 years’ confinement for each count, to be served concurrently.  In two points, Allen contends that (1) his guilty plea was rendered involuntary because the trial court improperly limited his right to appeal, and (2) he received ineffective assistance of counsel.  We will affirm.

Prior to accepting Allen’s plea of guilty, the trial court provided Allen with  written statutory admonishments, advising him that his appeal was limited “solely to jurisdictional issues or non[-]jurisdictional issues arising after entry of [his] guilty plea.”  On May 12, 2003, the trial court entered judgment on Allen’s guilty plea and certified Allen’s right to appeal.  On the certification form, the trial court indicated that Allen’s case was “not a plea-bargain case, and the defendant has the right of appeal,” and added a handwritten notation providing “the sentence (open plea of guilty) & jurisdiction only.” 
 Both Allen and his trial counsel signed the certification, acknowledging that they had been informed of it.

Although Allen admits that he was admonished concerning the scope of his right to appeal before he entered his plea, he complains that the trial court’s certification improperly limited his right to appeal.  As a result, he maintains that his guilty plea was rendered involuntary.  The State, however, maintains that Allen’s complaint is without merit because his plea was open and unconditional when rendered, and the trial court’s certification was made after Allen was properly admonished concerning his limited right to appeal.  The State also maintains that by adding the handwritten notation, the trial court was merely attempting to more accurately set forth the scope of Allen’s right to appeal.

The record reflects that prior to entering his plea, Allen signed written plea admonishments indicating that he was competent to enter the guilty plea, that he was freely and voluntarily entering his plea, and that he understood that by entering his plea he waived the right to appeal all issues arising prior to his plea except for jurisdictional issues.  Allen does not point this court to any issue that he could have raised on appeal in the absence of the trial judge’s handwritten notation on the certification form.  
See
 
Tex. R. App. P.
 44.2(a) (requiring us to disregard error unless it affects a substantial right).  Therefore, we hold that Allen’s claim that the trial court’s certification rendered his plea involuntary is without merit.  Accordingly, we overrule his first point.

In his second point, Allen contends that his trial counsel provided ineffective assistance by failing to require the court reporter to make a record of the punishment hearing.  He maintains that because no reporter’s record was made, counsel has deprived him of the opportunity to show ineffectiveness. The State maintains that Allen has failed to demonstrate that his trial counsel’s performance was deficient.

Our review of the record reveals that prior to the punishment hearing, Allen waived the presence of the court reporter.  Moreover, Allen initialed the admonishment sheet, indicating that his attorney had provided “fully effective and competent representation.”  On appeal, Allen does not complain that his waiver of a court reporter or his written representation that counsel was effective were made involuntarily.  Further, he does not provide any case law demonstrating that a counsel’s failure to require a court reporter to record punishment proceedings constitutes ineffective assistance, nor does he point to any evidence in the record indicating that his trial counsel’s performance was deficient. Therefore, because the record does not support Allen’s ineffective assistance claim, we overrule his second point.  
See Thompson v. State
, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999) (holding on direct appeal that evidence in the record was insufficient to overcome the presumption that counsel provided reasonable assistance). 

Having overruled both of Allen’s points, we affirm the trial court’s judgment.  

SUE WALKER

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: March 4, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.